IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

DEC - 1 2009

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID DEWAYNE SCHNEBELEN,<br><br>Defendant. | **ORDER**<br><br>Case No. 1:07-CR-00068<br><br>Judge Dee Benson |

This matter is before the court on defendant David Dewayne Schnebelen's motion requesting order. (*See* Dkt. No. 52.) Defendant has moved the court for an order "demanding the Morgan County Sheriff's Office and the Weber/Morgan Narcotics Strike Force to return, replace, or make compensation for the defendant's personal property seized from the vehicle in which the defendant was driving, by the above named agencies, during his arrest." (Def.'s Mot. Requesting Order at 1.) Having considered the law and facts relating to the motion, the court issues the following Order.

On May 3, 2007, Morgan County Deputies Joshua Porter and Scott Peay pulled over and arrested the defendant for methamphetamine related offenses. Deputy Lee of the Weber/Morgan Narcotics Strike Force produced an inventory of items found in defendant's vehicle. The vehicle and inventoried items were delivered to Winterton Towing. After holding the vehicle and contents for many months, Winterton Towing asserts that it sold the vehicle and contents at auction for the reimbursement of towing and storage fees as provided by statute. *See* Utah Code Ann. § 41-6a-1406. On May 7, 2008, defendant entered a guilty plea in this court to attempted manufacture of five (5) grams or more of actual methamphetamine in violation of 21 U.S.C. § 841(a)(1). On March 4, 2009, defendant filed the motion currently before the court. Defendant

argues that this court should order the Morgan County Sheriff's Office and the Weber/Morgan Narcotics Strike Force to return, replace, or make compensation for defendant's seized personal property because the arresting agencies were obligated to hold all property until the disposition of his case and because neither the arresting agencies nor other interested parties filed for legal forfeiture. Defendant asserts that under the Fifth and Fourteenth Amendments of the Constitution of the United States, he cannot be deprived of his property without due process of law or adequate compensation. Defendant attached to his motion what appears to be Morgan County Deputy Lee's hand written vehicle inventory list dated May 4, 2007.

The court reads the defendant's motion liberally because he is acting pro se. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). "It is well settled that the government may seize evidence for use in investigation and trial, but that it must return the property once the criminal proceedings have concluded, unless it is contraband or subject to forfeiture." *United States v. Bein*, 214 F.3d 408, 411 (3rd Cir. 2000). By its terms, Rule 41(g) of the Federal Rules of Criminal Procedure permits a person who has had property seized to move the court for its return:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). Though the criminal proceedings have terminated, a district court has jurisdiction to treat a Rule 41(g) motion as a civil proceeding for equitable relief. *United States v. Clark*, 84 F.3d 378, 381 (10th Cir. 1996). A Rule 41(g) motion is governed by equitable principles and is subject to the district court's exercise of its equitable jurisdiction. *See United*

States v. Grover, 119 F.3d 850, 851 (10th Cir. 1997). Rule 41(g) is an equitable remedy available only to a defendant who can show irreparable harm and an inadequate remedy at law. *United States v. Akers*, 215 F.3d 1089, 1106 (10th Cir.), *cert denied*, 531 U.S. 1023 (2000); *United States v. Copeman*, 458 F.3d 1070, 1071 (10th Cir. 2006) (available state avenues of relief are an adequate remedy at law). If the defendant has state avenues of relief open to him, he cannot show an inadequate remedy at law. *Copeman*, 458 F.3d at 1073.

Because the property here was seized by state authorities, Rule 41(g) relief is only available if (1) federal authorities actually possess the property that the state first seized and then released to federal authorities; (2) federal authorities constructively possess the property that was considered evidence in the federal prosecution; or (3) state officials acted upon directions from federal officials in seizing the property. *Id.* at 1071. Federal prosecution alone does not confer on the federal government possession of property seized by a state during an investigation. *See id.* at 1072. Here, the defendant has failed to offer any evidence that federal authorities ever actually or constructively possessed any of the property attached to the defendant's motion. The United States is not the appropriate party from which to request the return of this property. Additionally, the defendant has available avenues of relief open to him in the state courts of Utah.

For the foregoing reasons, defendant's motion for return of property is dismissed without prejudice for lack of subject matter jurisdiction.

IT IS SO ORDERED.

DATED this 1st day of December, 2009.

_____
Dee Benson
United States District Judge